UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SCR 25 INC.

                    Plaintiff,

v.

RED HOT WEB GEMS, INC.,

                    Defendants.

Civil Action No.: 8:26-cv-1606

**COMPLAINT**

Plaintiff SCR 25 Inc., for its complaint against Defendant Red Hot Web Gems, Inc., alleges:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      The Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because this is a civil action arising under the Copyright Law of the United States.

3.      Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because a substantial part of the acts of infringement complained of herein occurred in this District, including Defendant's unauthorized display and distribution of the Photograph to users and readers located within this District.

4.      Plaintiff alleges one cause of action for copyright infringement based on Defendant's unauthorized use and display of Plaintiff's copyrighted photograph.

5.      Schedule A, attached to the Complaint, sets forth in table form the allegations with respect to the Plaintiff, its copyrighted photograph, and Defendant's acts of infringement.

THE PARTIES

6.     Upon information and belief, Plaintiff SCR 25 Inc. is a corporation organized under the laws of New York, with its principal place of business in New York County, New York. SCR 25 Inc. is in the business of professional photography, including the creation, licensing, and commercialization of original photographic works. The company's photographic portfolio includes works widely featured in leading commercial and editorial publications including Vanity Fair, Italian Vogue, Harper's Bazaar, and Elle, and in advertising campaigns for clients such as Adidas, Levi's, Netflix, and Ralph Lauren. SCR 25 Inc.'s works have been showcased internationally, including exhibitions at the former Limelight Church/Jue Lan Club (New York), Wallplay (New York), and Olson-Irwin (Sydney), and on platforms such as Artnet and L'Oeil de la Photographie. The company's photographic works have received numerous prestigious industry honors, including the Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, and Cannes Lions Grand Prix, and are held in permanent collections at institutions including the National Portrait Gallery at the Smithsonian Institution (Washington, D.C.), the Museum of Fine Arts (Houston), and the National Portrait Gallery (London).

7.     On information and belief, Defendant Red Hot Web Gems, Inc. is a corporation organized under the laws of California, with its principal place of business at 10 Thorn Hill, Irvine, California 92602, and offices at 22942 El Toro Road, Lake Forest, California 92630.

8.     Upon information and belief, Defendant is a web media company that owns and operates a website at www.bollywoodshaadis.com (the "Website") and is responsible for its content.

9.     The Website is a key component of Defendant's popular and lucrative commercial enterprise. The Website is monetized in that it contains paid advertisements and,

2

upon information and belief, Defendant profits from these activities.

10.     Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

11.     Defendant derives a direct financial benefit from the unauthorized use and display of the Photograph.

12.     Plaintiff is the owner of the copyright in the photograph listed in Schedule A.

## JURISDICTION AND VENUE

13.     This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

14.     This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

15.     This Court has personal jurisdiction over the Defendant because, upon information and belief, Defendant is incorporated in the state of California and maintains its principal place of business in Irvine, California, within this District.  Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

16.     Plaintiff is the sole author and owner of all rights, title, and interest in and to the Photograph identified in Schedule A attached hereto and incorporated by reference.

17.     The Photograph is an original work of authorship protected by the Copyright Act.

18.     The Photograph was registered with the United States Copyright Office under

Registration No. VA 2-106-449, with an effective registration date of April 21, 2017.

19.    Plaintiff did not consent to, authorize, license, or otherwise permit Defendant to copy, display, distribute, reproduce, or use the Photograph in any manner.

20.    Upon information and belief, Plaintiff discovered that Defendant was using and displaying the Photograph on Defendant's Website at URL https://www.bollywoodshaadis.com/articles/hamilton-movie-theatrical-release-original-cast-fees-revealed-from-highest-to-lowest-paid-actor-66780 (the "Infringing Use").

21.    The Infringing Use consisted of Defendant copying, displaying, and publishing the Photograph as part of an online article titled "Hamilton Movie Theatrical Release: Original Cast Fees Revealed From Highest To Lowest Paid Actor," published on the Website. The Photograph was displayed by Defendant without license, permission, or attribution to Plaintiff or the author of the Photograph.

22.    The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://www.bollywoodshaadis.com/articles/hamilton-movie-theatrical-release-original-cast-fees-revealed-from-highest-to-lowest-paid-actor-66780 and https://www.bollywoodshaadis.com/articles/hamilton-movie-theatrical-release-original-cast-fees-revealed-from-highest-to-lowest-paid-actor-66780. The Infringing Use is an exact copy of Plaintiff's original Photograph that was directly copied and displayed by Defendant.

23.    Upon information and belief, Defendant displayed the Photograph without proper attribution to Plaintiff or the Photograph's author, thereby concealing its unauthorized use and depriving Plaintiff of proper credit and compensation.

24.    Upon information and belief, Defendant's Infringing Use began on or about August 8, 2025, and continues to the present day.

25. Upon information and belief, Defendant's Infringing Use was commercial in nature and intended to attract customers, increase traffic, and/or generate sales and revenue.

26. Upon information and belief, Defendant derived a direct financial benefit from the unauthorized use and display of the Photograph, including by using it to advertise, market, or promote Defendant's products and/or services.

27. Upon information and belief, Plaintiff provided Defendant with written notice of the infringement and demanded that Defendant cease and desist from further use of the Photograph, including by sending demand letters on April 1, 2026. Despite that notice, Defendant continued to use and/or display the Photograph without authorization.

28. Upon information and belief, Defendant's infringement was willful, in that Defendant knew or should have known that the Photograph was protected by copyright and that Defendant lacked a valid license or authorization to use it.

29. Schedule A, attached to this Complaint, sets forth in table form the Photograph at issue, registration information, and Defendant's infringing locations and known/estimated dates of use.

30. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally infringed Plaintiff's copyrights and violated Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Photograph.

33.    Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, inter alia, the Defendant also knew or should have known that they did not have a legitimate license for the Photographs.

34.    As a result of Defendant's violations of Title 17 of the U.S. Code, and because the Photograph was registered with the U.S. Copyright Office on April 21, 2017, prior to the commencement of the infringement on August 8, 2025, Plaintiff is entitled to elect statutory damages pursuant to 17 U.S.C. § 504(c), in an amount up to $150,000 per work for willful infringement. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502, and to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing them without a license or consent;

B.  For an award of statutory damages pursuant to 17 U.S.C. § 504(c), in an amount up to $150,000 per work infringed for willful infringement, or at Plaintiff's election, actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b), in an amount to be proven at trial;

C.  For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

D.  For pre-judgment interest as permitted by law; and

E.   For any other relief the Court deems just and proper.


Dated: June 22, 2026


Respectfully submitted,

By: /William R. Samuels/

William R. Samuels
CA Bar No.: 246049
bsamuels@colefrieman.com

**COLE-FRIEMAN & MALLON LLP**
201 CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CA 94111
UNITED STATES